# Exhibit A

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,                    CASE NO.:

     Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC.,

hereinafter referred to as "KNIGHTS ROOFING", by and through the undersigned attorney and

hereby files this Complaint against the Defendant, ARCH SPECIALTY INSURANCE

COMPANY, hereinafter referred to as "ARCH SPECIALTY", a corporation authorized and

doing business in the State of Florida, and alleges as follows:

### GENERAL ALLEGATIONS

1.    This is an action for breach of contract with damages greater than Fifty Thousand Dollars

    ($50,000), exclusive of interest, costs, and attorney's fees.

2.    Plaintiff, KNIGHTS ROOFING, was and is a corporation authorized to and doing

    business in Florida.

3.    The policy of insurance involved herein was issued by ARCH SPECIALTY to Plaintiff

    in the State of Florida.

4.    Defendant, ARCH SPECIALTY is a corporation duly licensed to transact insurance

    business in the State of Florida. Defendant, ARCH SPECIALTY does business, has

offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

5.    Plaintiff, KNIGHTS ROOFING, secured a commercial liability policy from Defendant, ARCH SPECIALTY, Policy Number: L-099-1039226, which covered Plaintiff, KNIGHTS ROOFING's business, including but not limited to coverage to protect against claims for property damages made against Plaintiff, KNIGHTS ROOFING's. The policy includes a duty to Defend Plaintiff, KNIGHTS ROOFING, from any legal action.

6.    A copy of the policy is not available to Plaintiff, KNIGHTS ROOFING's, but is in the possession and control of the Defendant ARCH SPECIALTY.

7.    A claim was brought against Plaintiff, KNIGHTS ROOFING, for property damage resulting from a reroof to a dwelling in 2183 Turnberry Drive, Oviedo, Florida 32765.

8.    Defendant, ARCH SPECIALTY's claim number for the subject claim is 000013697210.

9.    The damage to the subject dwelling, structures and property occurred during the policy period covered under the subject insurance policy.

10.   Defendant, ARCH SPECIALTY is aware of the claim made against, Plaintiff, KNIGHTS ROOFING.

11.   Plaintiff, KNIGHTS ROOFING's insurance policy was in full force and effect as to the Plaintiff when the reroof and alleged damage occurred to the subject building(s)/structure(s), personal property and other property covered under the subject insurance policy.

12.   Defendant, ARCH SPECIALTY, by and through its agents, employees or assigns, performed services relating to adjusting the claim of the Plaintiff, KNIGHTS ROOFING.

13.   Defendant, ARCH SPECIALTY has failed to Defend or otherwise provide coverage for

**EXHIBIT A TO NOTICE OF REMOVAL**

the loss as required by the policy provisions set forth in the subject insurance policy.

14.    Defendant, ARCH SPECIALTY has failed and refused to pay all covered losses sustained by Plaintiff, KNIGHTS ROOFING under the insurance policy based on the incident allegedly not occurring during the policy period.

15.    As a result, Plaintiff, KNIGHTS ROOFING, was forced to retain counsel to Defend the case filed against them and was forced to pay the claim.

16.    Plaintiff, KNIGHTS ROOFING has notified Defendant, ARCH SPECIALTY of the damages sustained.

17.    Plaintiff has retained the undersigned and agreed to pay them a reasonable fee and all costs.

18.    Subject matter jurisdiction is proper in Orange County, Florida.

19.    Personal jurisdiction is proper in Orange County, Florida.

20.    Plaintiff has performed all conditions precedent necessary to recover such moneys owed under the subject policy of insurance and/or Defendant, ARCH SPECIALTY has waived any and all conditions precedent under the policy of insurance.

## COUNT I - BREACH OF THE INSURANCE CONTRACT AGAINST DEFENDANT ARCH SPECIALTY INSURANCE COMPANY

21.    Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

22.    The Plaintiff, KNIGHTS ROOFING and Defendant, ARCH SPECIALTY had a binding insurance policy that provided for payment of the losses sustained in the subject case.

23.    The Plaintiff, KNIGHTS ROOFING has provided documentation showing proof of his losses.

**EXHIBIT A TO NOTICE OF REMOVAL**

24. Defendant, ARCH SPECIALTY had a duty under the subject insurance policy to fully compensate Plaintiff for all losses covered under the subject policy.

25. Defendant, ARCH SPECIALTY breached the insurance policy by failing to fully compensate and defend Plaintiff, KNIGHTS ROOFING for all losses sustained as a result of the claim, property damage covered under the insurance contract.

26. Plaintiff, KNIGHTS ROOFING has been damaged as a result of Defendant, ARCH SPECIALTY's breach in the form of damages, interest, costs and attorneys' fees.

27. Defendant, ARCH SPECIALTY has failed to pay all amounts owed, attorneys' fees and costs in pursuing this claim.

28. Defendant, ARCH SPECIALTY has failed to identify in writing any valid reason why payment was not made.

29. Plaintiff is entitled to the recovery of attorneys' fees and costs under Florida Statute Section §627.428.

WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. §627.428.

## COUNT II - BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING

30. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

31. The insurance policy issued by Defendant, ARCH SPECIALTY sets forth the rights and obligations of Defendant, ARCH SPECIALTY to Plaintiff, KNIGHTS ROOFING with respect to claims made against them.

**EXHIBIT A TO NOTICE OF REMOVAL**

32. There is also an implied warranty of good faith and fair dealing contained as a material term in the insurance contract.

33. Pursuant to the terms and condition of the insurance contract, Plaintiff, KNIGHTS ROOFING has a right to coverage and defense of any claims for property damages made against them. Plaintiff, KNIGHTS ROOFING also has the right to a fair and prompt investigation, payment and/or settlement of any claim made against them.

34. Defendant, ARCH SPECIALTY materially breached its implied warranty of good faith and fair dealing by, among other things:

    a. failing to defend Plaintiff against any claims;

    b. failing to indemnify claimant from any claims;

    c. failing to pay for the damages to the claimants property;

    d. failing to fairly and promptly investigate the claim;

    e. failing to fairly and promptly pay the claim;

    f. failing to fairly and promptly settle the claim; and

    g. Otherwise failing to provide coverage for the claim.

35. As a direct and proximate result of Defendant, ARCH SPECIALTY'S material breach of the insurance contract, Plaintiff, KNIGHTS ROOFING has been damaged in the form of monetary damages and cost of defense paid by Plaintiff, KNIGHTS ROOFING, interest, costs and attorneys' fees.

36. Respondent is entitled to the recovery of attorneys' fees and costs under Florida Statute Section §627.428.

WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against Defendant, ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and

**EXHIBIT A TO NOTICE OF REMOVAL**

attorney's fees pursuant to F.S. §627.428.

## COUNT III - DECLARATORY RELIEF AGAINST DEFENDANT

37.   Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

38.   This is an action for declaratory relief brought pursuant to F.S. §86.011.

39.   Plaintiff, KNIGHTS ROOFING and Defendant, ARCH SPECIALTY have a valid contract of insurance.

40.   The Defendant, ARCH SPECIALTY, has failed to pay and indemnify Plaintiff, KNIGHTS ROOFING as required by this contract of insurance.

41.   Among other bona fide disputes between the parties, to the extent that Defendant, ARCH SPECIALTY, continues to refuse to pay the claimed losses, Plaintiff, KNIGHTS ROOFING seeks a declaration from this Court of the validity of the terms of the insurance contract, and Plaintiff, KNIGHTS ROOFING's rights and obligations under the policy, and more particularly, that the alleged loss or losses, identified by the insured and forwarded to the insurer and any future similar losses are in fact covered items under the terms of the policy and mandated to be paid.

42.   As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorney.  Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff requests this Court to:

a.   Take jurisdiction of the subject matter and parties thereto;

b.   Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete policy of insurance and a complete

**EXHIBIT A TO NOTICE OF REMOVAL**

copy of the written material in the possession of the Defendant that would shed light on the issues involved herein;

c. Declare that the policy covering the Plaintiff provides coverage for the claims of losses made against Plaintiff;

d. Declare that the Plaintiff is entitled to a claim for attorney's fees and costs against Defendant under F.S. §627.428; and to determine the amount of such fees and costs to be paid to the Plaintiff;

e. Determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case.

WHEREFORE, Plaintiff further demands trial by jury of all issues so triable in accordance with Florida Statutes, Chapter 86, as well as judgment that Plaintiff is entitled to benefits as contemplated by the insurance policy, and for entry of judgment against Defendant for attorney's fees, and costs pursuant to F.S. §627.428.

## COUNT IV – NEGLIGENT SUPERVISION/HIRING AGAINST DEFENDANT ARCH SPECIALTY

43. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

44. The Defendant, ARCH SPECIALTY accepted responsibility to properly investigate the claim of loss of the plaintiff and assigned the licensed insurance adjuster(s) to investigate the claim.

45. The Adjuster(s) are licensed by the State of Florida and have a duty of care to act in accordance with the high standards of their profession in performing their adjustment of the claim.

46. Defendant, ARCH SPECIALTY, by and through its agents, employees or assigns, performed services relating to adjusting the claim of the plaintiff, and are responsible for any Adjuster's breaches of duty of such care.

**EXHIBIT A TO NOTICE OF REMOVAL**

47. Neither the Adjuster(s) nor Defendant ARCH SPECIALTY has identified any specific provision of the insurance contract that provides any specific exclusion from coverage for any specific claimed loss alleged by the plaintiff.

48. The Adjuster(s) and Defendant ARCH SPECIALTY made the coverage decision based on a self-serving conclusion of fact, which is disputed by Plaintiff and the claimant, to determine the exclusion from coverage.

49. Defendant, ARCH SPECIALTY, does not contend that its Adjuster is in any way incompetent or incapable, or that the Adjuster has made any mistakes of any kind in adjusting this claim.

50. The Adjuster(s) breached the duty of care in failing to perform the adjustment of the claim.

51. Defendant ARCH SPECIALTY, failed to conduct the claim investigation within a "reasonable time" period.

52. The Defendant, ARCH SPECIALTY, had a duty to properly supervise and manage it employees and agents and to properly hire competent adjusters that understand their ethics code, the law and their responsibilities as adjusters.

53. That duty included insuring the proper processing of claims of losses made by insured, whether completed by their adjusters or third party adjustment companies. The relationship between the Defendant and Plaintiff is a special relationship between insurer and insured which gives rise to a duty on the part of the Defendant to control the adjusters who adjust the claim.

54. Defendant, ARCH SPECIALTY, is responsible for the actions of its adjusters in the performance of the adjustment of claims.

**EXHIBIT A TO NOTICE OF REMOVAL**

55. The Defendant owed a duty to the Plaintiff to properly investigate the claim.

56. The Defendant breached their duty of proper supervision, hiring or retention by allowing such conduct, which directly caused damage to plaintiff.

57. The Defendant breached their duty of proper supervision, hiring or retention by allowing (or encouraging) the adjuster to fail to properly provide coverage for claims, which directly caused damage to the plaintiff.

58. The Defendant breached its duty of care by not properly supervising its Adjusters to assure that delays in adjustment would not occur, and that any such delays would not be caused in any way by the amount/volume of cases the Adjuster is handling/processing.

59. Plaintiff has made demand upon the Defendant to pay all covered losses, but the Defendant has not complied. The Plaintiff has provided the Defendant with a Statutory Civil Remedies Notice that also separately identifies the "bad faith" of the Defendant.

WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against Defendant, ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. §627.428.

### COUNT V – STATUTORY BAD FAITH UNDER FLA. STAT. 624.155

60. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

61. Defendant had a duty to properly supervise and manage it employees and agents and to properly hire competent adjusters that understand their ethics code, the law and their responsibilities as adjusters.

62. That duty included insuring the proper processing of claims of losses made by insured and the retention of licensed adjusters.

**EXHIBIT A TO NOTICE OF REMOVAL**

63. Defendant is responsible for the actions of its adjusters in the performance of the adjustment of claims.

64. Defendant owed a duty to Plaintiff to properly investigate the claim.

65. Defendant has a duty to attempt or act in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his or her interests.

66. As shown above, Defendant, ARCH SPECIALTY breached their duty, including failure to indemnify, defend or otherwise pay all owed damages.

67. Plaintiff suffered damages as a result.

68. Plaintiff satisfied all conditions precedent to the filing of this action by filing a detailed, comprehensive and specific Violation of Civil Remedies Notice, which is attached as Exhibit A to the Complaint.

69. Defendant has failed to pay all amounts due under the insurance policy.

70. Defendant has violated Fla. Stat. 624.155(1)(b)(1).

71. Defendant has violated Fla. Stat. 624.155(1)(b)(3)

72. Defendant has violated Fla. Stat. 624.155(1)(b)2.

73. Defendant has violated Fla. Stat. 626.9541.

74. As a result, Plaintiff suffered damages.

75. The conduct of the Defendant in violating Chapter 624 rises to the level of punitive damages as set forth in Fla. Stat. 624.155(5).

76. As stated above, Plaintiff was forced to hire the undersigned counsel and agreed to pay a reasonable attorney's fee and costs.

**EXHIBIT A TO NOTICE OF REMOVAL**

WHEREFORE, Plaintiff demands trial by jury and damages exceeding $50,000, exclusive of all attorney's fees and costs owed, an awarding attorney's fees under Chapter 627 or Chapter 624 or Chapter 57 and seeks jury trial on all issues so triable.

DATED: on this 3 July 2024.

Respectfully submitted,

By: _/s/Franklin Domenech, Esq._____

FRANKLIN DOMENECH, ESQ. (FBN: 43717)
Victory Law Firm, P.A.
605 E. Robinson St., Suite 640
Orlando, FL 32801
T. (407) 615-5555
F. (407) 519-8793
Attorney for the Plaintiff
Primary:        frank@victoryfirm.com
Secondary:    pleadings@victoryfirm.com

**EXHIBIT A TO NOTICE OF REMOVAL**

EXHIBIT A

**EXHIBIT A TO NOTICE OF REMOVAL**