# Exhibit C

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

<u>KNIGHTS ROOFING AND RESTORATION INC</u>
Plaintiff                                                        Case # _____
                                                                  Judge  _____

vs.
<u>ARCH SPECIALTY INSURANCE COMPANY</u>
Defendant

---

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.      TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -
**EXHIBIT C TO NOTICE OF REMOVAL**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☒ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -
**EXHIBIT C TO NOTICE OF REMOVAL**

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>5</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Franklin Domenech II</u>        Fla. Bar # <u>43717</u>
      Attorney or party              (Bar # if attorney)

<u>Franklin Domenech II</u>         07/03/2024
(type or print name)         Date

- 3 -
**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,               CASE NO.:

     Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC., pursuant to Rule 1.340(e)

of the Florida Rules of Civil Procedure, hereby file Notice of Service of Interrogatories number 1

through 9 to be answered in oath and in writing, within forty-five (45) days from the date of

service hereof.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the Defendant along with the Summons and Complaint.

By:  /s/Franklin Domenech, Esq._____
          **FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
          Victory Law Firm, P.A.
          605 E. Robinson St., Suite 640
          Orlando, FL 32801
          T. (407) 615-5555
          F. (407) 519-8793
          Attorney for the Plaintiff
          Primary:     frank@victoryfirm.com
          Secondary:   pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,    CASE NO.:

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC., through undersigned

counsel, pursuant to Florida Rule of Civil Procedure 1.350, hereby requests Defendant, ARCH

SPECIALTY INSURANCE COMPANY, to furnish copies of the following documents to the

offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

1. All insurance policies which would provide coverage to the Plaintiff herein, together with

    any declaration of coverage page, and a sworn statement of a corporate officer of

    Defendant attesting to the coverage and authenticity of the policy.

2. All documents reflecting any payment made to any person or entity for any reason as a

    result of Plaintiff's claim.

3. All tapes and/or transcripts of statements taken of any person, including but not limited to

    Examinations Under Oath, regarding Plaintiffs' claim.

4. All correspondence between Plaintiff, or any representative of Plaintiff, and any

    representative of Defendant regarding Plaintiff's claim.

5. A complete copy of the claim file for the subject claim.

**EXHIBIT C TO NOTICE OF REMOVAL**

6. All documents which support any affirmative defense of Defendant.

7. All reports and current curriculum vitae from any expert(s) retained for any reason regarding Plaintiff's claim.

8. All correspondence regarding the claim, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

9. All writings, memoranda, notes, or other materials reflecting examination of Plaintiff's real property by Defendant or its agents.

10. All photographs or video depiction of the subject property in the possession of the Defendant or any agent of Defendant.

11. All proofs of loss received by Defendant from or any person or entity.

12. The license of each adjuster, expert, appraiser, inspector or other individual who participated in processing Plaintiff's claim.

13. All estimates received by Defendant from any source for repairs to Plaintiff's structure.

14. Defendant's latest claims manual or statement of policies and procedures on the processing or handling claims.

15. All documents sent to the State of Florida or any of its agencies related to this claim, and/or the reason it has not been settled or paid.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant along with the Summons and Complaint.

DATED: on this 3 July 2024.

Respectfully submitted,

By: /s/Franklin Domenech, Esq.
**FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
Victory Law Firm, P.A.
605 E. Robinson St., Suite 640

**EXHIBIT C TO NOTICE OF REMOVAL**

Orlando, FL 32801
T. (407) 615-5555
F. (407) 519-8793
Attorney for the Plaintiff
Primary:        frank@victoryfirm.com
Secondary:      pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

IN THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE/OSCEOLA COUNTY, FLORIDA

Case No.:

KNIGHTS ROOFING AND RESTORATION

Plaintiff(s)
vs.

ARCH SPECIALTY INSURANCE COMPANY

Defendant(s).
_____/

### AGREED CASE MANAGEMENT PLAN AND ORDER
### (General Track[1])

The parties hereby submit the following Agreed Case Management Plan to the Court for approval:

*Note: All dates are to be calculated from the date of the Order Approving Case Management Plan unless otherwise noted.*

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process:** | 120 days |
| **Deadline for Service of Process extended if not accomplished within 120 days:** | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| **Deadline for Leave to Add Parties and Amend Pleadings:** | Motions must be set for hearing and heard within 120 days from the earlier of the date of this Agreed Case Management Plan or service on the last defendant, or deemed abandoned and denied |
| **Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings:** | Must be set for hearing and heard within 60 days from filing of the motion/objection, or (if previously filed) |

_____

[1] This Case Management Plan (General Track) applies to all cases not designated as complex or streamlined under Ninth Circuit Administrative Order No. 2021-04.

**EXHIBIT C TO NOTICE OF REMOVAL**

| | within 30 days from the date of this Agreed Case Management Plan, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
|---|---|
| **Deadline for Completion of Fact and Expert Discovery:** | 270 days from the date of this Agreed Case Management Plan (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| **Pre-trial Motions, including Dispositive and *Daubert* Motions** | Must be filed no later than 45 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| **Mediation/Alternative Dispute Resolution** | Within 30 days from the date of this Agreed Case Management Plan, or after completion of the depositions of all parties (whichever is later), counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |
| **Approximate Pre-Trial Conference:** Actual Date to be set by trial order | Approximately 3-4 weeks prior to the trial date |
| **Approximate Trial Date:** Actual Date to be set by trial order | 18 months from the date of this Case Management Plan |

**Date:** 7/3/2024 _____

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number.  Unrepresented parties must include email address for service.**

Franklin Domenech                                    43717
_____    _____

_____    _____

_____    _____

_____    _____

2

**EXHIBIT C TO NOTICE OF REMOVAL**

## ORDER APPROVING AGREED CASE MANAGEMENT PLAN

**THE COURT,** having reviewed the preceding Agreed Case Management Plan

(General Track), and finding it to be satisfactory, it is hereby **ORDERED** that:

1.     **COMPLIANCE WITH THIS AGREED CASE MANAGEMENT PLAN:**  The parties shall strictly comply with the terms of this Agreed Case Management Plan, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.     **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)**; (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.     **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.     **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than 10 (ten) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

5.     **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.     **SERVICE OF THIS ORDER:**  Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order.  In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this CMO and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of

3

**EXHIBIT C TO NOTICE OF REMOVAL**

Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days.  If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation.  If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.    **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida, this _____ day of

_____, 20___.

_____
Circuit/County Judge

A true and correct copy of the foregoing was distributed to all parties by filing and service via the ePortal to all attorney(s)/interested parties identified on the ePortal Electronic Service List.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 06/11/2021

4

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 210263418 E-Filed 11/05/2024 08:50:57 AM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

CASE NO.:          2024-CA-006036-O

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

      Defendant.

_____/

## NOTICE OF FILING NOTICE OF SERVICE

      COMES NOW the Plaintiffs, KNIGHTS ROOFING AND RESTORATION, INC., and hereby gives notice of filing the Notice of Service of the Original Summons, served on Defendant, ARCH SPECIALTY INSURANCE COMPANY through the Chief Financial Officer of the State of Florida, on November 5, 2024.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 5, 2024, I electronically filed the foregoing with the Clerk of Courts by using the State of Florida ePortal system which will send copies to all parties requesting notice.

By: /s/ Franklin Domenech_____
**FRANKLIN DOMENECH, ESQ. (FBN: 043717)**
Victory Law Firm, P.A.
605 E. Robinson St., Suite 640
Orlando, FL 32801
T. (407) 615-5555
F. (407) 519-8793
Attorney for the Plaintiff
Primary: frank@victoryfirm.com
Secondary: pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

*24-000352156*

**CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA**

KNIGHTS ROOFING AND RESTORATION

PLAINTIFF(S)

VS.

ARCH SPECIALTY INSURANCE COMPANY

DEFENDANT(S)

_____/

SUBPOENA, COMPLAINT, DISCOVERY, CIVIL COVER SHEET

**CASE #:** **2024-CA-006036-O**
**COURT:** **9TH JUDICIAL CIRCUIT**
**COUNTY:** **ORANGE**
**DFS-SOP #:** 24-000352156

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, November 4, 2024 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, November 5, 2024 to the designated agent for the named entity as shown below.

ARCH SPECIALTY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

FRANKLIN DOMENECH
ATTORNEY
VICTORY LAW FIRM, P.A.
605 E. ROBINSON ST., SUITE 640
ORLANDO, FL 32801

JD1

## EXHIBIT C TO NOTICE OF REMOVAL

Office of the General Counsel - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, FL 32314-6200 - (850)413-4200

Filing # 211714587 E-Filed 11/25/2024 06:01:55 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

      Plaintiff,                               Case No. : 2024-CA-006036-O

vs.

ARCH SPECIALTY INSURANCE
COMPANY, a corporation authorized
and doing business in Florida,

      Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES BY COUNSEL FOR ARCH SPECIALTY INSURANCE COMPANY

PLEASE TAKE NOTICE that the undersigned attorneys hereby appear in the above-styled action as counsel for ARCH SPECIALTY INSURANCE COMPANY ("Arch"), and request that all papers in this action be served upon Rebecca C. Appelbaum, Esq., and Lisa A. Oonk, Esq. at Gartner+Bloom, P.C., 610 E. Zack St., Ste. 110-4099, Tampa, FL 33602.

PLEASE TAKE FURTHER NOTICE that pursuant to Fla. R. Jud. Admin. 2.516(b)(l)(A), the undersigned counsel hereby designates the following primary e-mail addresses for the purpose of service of all documents required to be served in this proceeding:

Primary Email Address:       RCA@gartnerbloom.com

Secondary Email Addresses:  loonk@gartnerbloom.com
                                    GBFLC@gartnerbloom.com

                            */s/ Rebecca C. Appelbaum*
                            **Rebecca C. Appelbaum, Esq.**
                            FL Bar No. 0179043
                            RCA@gartnerbloom.com
                            Secondary: GBFLC@gartnerbloom.com
                            **Lisa A. Oonk, Esq.**

### EXHIBIT C TO NOTICE OF REMOVAL

FL Bar No. 0006238
loonk@gartnerbloom.com
GARTNER+BLOOM, P.C.
610 E. Zack St., Ste. 110-4099
Tampa, FL 33602
Telephone: (813) 518-6000
Facsimile: (888) 822-3122

*Counsel for Defendant, Arch Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Portal electronic system and that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida E-Portal and/or Electronic Mail on this 25th day of November, 2024.

*/s/ Rebecca C. Appelbaum*
Attorney

2

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 211714587 E-Filed 11/25/2024 06:01:55 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

      Plaintiff,                          Case No. : 2024-CA-006036-O

vs.

ARCH SPECIALTY INSURANCE
COMPANY, a corporation authorized
and doing business in Florida,

      Defendant.

_____/

### Defendant, Arch Specialty Insurance Company's Motion to Quash Service of Process and in the Alternative, Motion to Dismiss Case for Failure to Timely Serve Process and Supporting Memorandum of Law

Defendant, Arch Specialty Insurance Company ("Arch"), moves to quash service of process purportedly made on Arch on November 5, 2024 via the Florida Department of Financial Services on the ground that the summons provided with Plaintiff's Complaint was not properly issued by the Clerk of the Circuit Court.

Additionally, Arch moves to dismiss Plaintiff's Complaint pursuant to Fla. R. Civ. P. 1.140(b)(5) because Plaintiff failed to serve Arch within 120 days of filing this action, as required by Fla. R. Civ. P. 1.070(j) and has neither requested nor received authorization from the Court to extend the 120-day period.

### MEMORANDUM OF LAW

I.     Summary of Facts

Plaintiff filed this action on July 3, 2024. *See* Exhibit 1. On July 9, 2024, Plaintiff was notified that its initial proposed summons would not be issued until it complied with the Ninth

**EXHIBIT C TO NOTICE OF REMOVAL**

Judicial Circuit's Administrative Order No. 2021-04. *See* Exhibit 1. The Court's docket for this case shows no activity in response to the Clerk's notice to Plaintiff regarding the required submission of documents needed for issuance of a summons. The docket also shows that no valid summons was ever issued. In response to an inquiry by Arch's counsel, the Clerk's Office confirmed that no summons was issued. *See* Exhibit 2.

Rather than "resubmit the proposed summons along with the Case management Order separately," as the Clerk directed, Plaintiff instead waited 125 days – until November 4, 2024 – to simply transmit its complaint, a purported summons (that had not been approved or issued by the Clerk), a civil cover sheet, and several sets of written discovery demands to the Florida Department of Financial Services ("DFS") for service on Arch. The DFS then served the documents on Arch on November 5, 2024. *See,* Exhibit 3. Plaintiff filed the DFS' Notice of Service of Process with this Court on November 5, 2024.

There is no record on the docket of the purported summons included in the DFS's service package to Arch (*see* Exhibit 3) having ever been issued by the Clerk of Court. There is also no record on the docket of Plaintiff seeking relief from the 120-day time limitation for service of this lawsuit, which was filed on July 3, 2024 but never properly served with a valid summons (or, alternatively, not served within the requisite window of time).

II.    Argument

    A.    *Plaintiff's Service of the Complaint Should be Quashed for Failure to Obtain a Summons in Accordance with Applicable Rules and Orders.*

Rule 1.070(a) of the *Florida Rules of Civil Procedure* requires issuance of a summons signed and sealed by the clerk to initiate process. "The courts require strict construction of, and compliance with, the provisions of statutes governing service of process." *Re–Employment Services, Ltd. v. National Loan Acquisitions Co.,* 969 So. 2d 467, 471 (Fla. 5th DCA 2007). A

**EXHIBIT C TO NOTICE OF REMOVAL**

defective summons is insufficient to effect service of process and attempted service of process utilizing a defectively-issued summons should be quashed. *Vaughn v. Wells Fargo Bank, N.A.*, 153 So.3d 969, 970 (Fla. 5th DCA 2015); *Woide v. Fannie Mae*, 116 So.3d 1281 (Fla. 5th DCA 2013). The burden of demonstrating that the summons was properly issued rests on the plaintiff. *Vaughn* at 970.

Here, the Court's docket, attached as Exhibit 1, reflects that no signed and sealed summons was ever issued by the Clerk. The docket reflects that on July 9, 2024, Plaintiff was informed that no summons would be issued until Plaintiff complied with Administrative Order No. 2021-04 by filing a required Standing Case Management Plan/Order for Streamlined or General civil cases. The Clerk's note on the docket instructed Plaintiff to "resubmit the proposed summons along with the Case Management Order separately." There is no evidence from the docket that Plaintiff complied with the Clerk's instructions.

Rather, the Court's docket demonstrates that Plaintiff failed to obtain a properly signed and sealed summons to use to effect service of the complaint and discovery it submitted to the DFS. The Clerk's Office confirmed on November 22, 2024 that it did not issue a summons. *See* Exhibit 2. Accordingly, the Court should quash the service of the complaint, as well as all other documents included as part of Exhibit 3 to this Motion.

B. *The Court Should Dismiss Plaintiff's Action for Failure to Timely Serve Plaintiff's Complaint*

Under Florida law, a plaintiff is required to serve a complaint within 120 days of filing a lawsuit. *Fla. R. Civ. P.* 1.070(j). If the complaint is not served within 120 days of filing the lawsuit, the court can dismiss the action. *Id. See also, Meadows of Citrus County, Inc. v. Jones*, 704 So.2d 202, 203 (Fla. 5th DCA 1998).

**EXHIBIT C TO NOTICE OF REMOVAL**

Even if the purported summons provided to the DFS by Plaintiff had been properly issued (which it was not), Plaintiff still failed to deliver the service package to DFS for service on Arch within 120 days of July 3, 2024. Plaintiff sought no extension of its time to serve the Complaint. Accordingly, Plaintiff has failed to sufficiently serve process in this action and its complaint should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant, Arch Specialty Insurance Company respectfully requests this Court grant its Motion to Quash and quash service of the Complaint and other documents attached as Exhibit 3 to this motion. As demonstrated above, Plaintiff failed to obtain a properly issued summons.

Alternatively, Defendant requests this Court grant its Motion to Dismiss Plaintiff's Complaint for failure to serve the complaint within 120 days of July 3, 2024, in accordance with *Fla. R. Civ. P.* 1.070(j) and *Fla R. Civ. P.* 1.140(b)(5).

/s/Rebecca C. Appelbaum
**Rebecca C. Appelbaum, Esq.**
FL Bar No. 0179043
RCA@gartnerbloom.com
Secondary: GBFLC@gartnerbloom.com
**Lisa A. Oonk, Esq.**
FL Bar No. 0006238
loonk@gartnerbloom.com
GARTNER+BLOOM, P.C.
610 E. Zack St., Ste. 110-4099
Tampa, FL 33602
Telephone: (813) 518-6000
Facsimile: (888) 822-3122

*Counsel for Defendant, Arch Specialty Insurance Company*

**EXHIBIT C TO NOTICE OF REMOVAL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Portal electronic system and that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida E-Portal and/or Electronic Mail on this 25th day of November, 2024.

/s/Rebecca C. Appelbaum
Attorney

**EXHIBIT C TO NOTICE OF REMOVAL**

# EXHIBIT 1

**EXHIBIT C TO NOTICE OF REMOVAL**

11/21/24, 7:18 PM                                                 about:blank



## Orange County Clerk - Court Records Search

### 2024-CA-006036-O : KNIGHTS ROOFING AND RESTORATION INCvs.ARCH SPECIALTY INSURANCE COMPANY

| | | | |
|---|---|---|---|
| Case Type: | CA - Insurance Claims | Date Filed: | 7/3/2024 |
| Location: | Div 37 | UCN: | 482024CA006036A001OX |
| Judge: | Luis F Calderon | Status: | Pending |
| Citation Number: | CA - Insurance Claims | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| KNIGHTS ROOFING AND RESTORATION INC | Plaintiff | FRANKLIN DOMENECH | 407-615-5555 |
| ARCH SPECIALTY INSURANCE COMPANY | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 11/5/2024 | Notice of Filing | 2 |
| | Comments: NOTICE OF SERVICE | |
| 7/9/2024 | Service Document Unable to be Issued | |
| | Comments: Per Admin Order No. 2021-04, a Standing Case Management Plan/Order for Streamlined or General civil cases must be submitted before summonses can be issued. Please resubmit the proposed summons along with the Case management Order separately. | |
| 7/3/2024 | General Standing Case Management Plan/Order | 4 |
| | Comments: NOT SIGNED | |
| 7/3/2024 | Request to Produce | 3 |
| 7/3/2024 | Notice of Propounding Interrogatories | 1 |
| 7/3/2024 | Complaint | 12 |
| 7/3/2024 | Civil Cover Sheet | 3 |
| 7/3/2024 | Case Initiated | |

### Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|

### Financial

| Date | Description | Payer | Amount |
|---|---|---|---|
| 7/3/2024 | Transaction Assessment | | 410.00 |
| 7/3/2024 | Payment | Victory Law Firm, P.A. | -410.00 |
| | | Balance Due: | 0.00 |

about:blank                                                                                  1/2

**EXHIBIT C TO NOTICE OF REMOVAL**

11/21/24, 7:18 PM                                                                                about:blank

| Bonds | | | |
|-------|------------|-------------|--------|
| **Description** | **Status Date** | **Bond Status** | **Amount** |

| Warrants | | | | | | |
|----------|--------------------|------------|--------------|-------------|-----------------|---------------|
| **Number** | **Status Description** | **Issue Date** | **Service Date** | **Recall Date** | **Expiration Date** | **Warrant Type** |

**EXHIBIT C TO NOTICE OF REMOVAL**

# EXHIBIT 2

**EXHIBIT C TO NOTICE OF REMOVAL**

 Outlook

## Re: Ticket number [QFX-LKGKC-619] - A response has been added

From Orange County Clerk of Courts - Civil <support@myorangeclerk.com>
Date Fri 11/22/2024 5:46 PM
To   Lisa Oonk <LOonk@GartnerBloom.com>

Hi Lisa,

Thank you for contacting the Orange County Clerk of Courts.

The clerk was unable to issue the proposed summons filed 7/3/24 due to the General standing case management plan/order missing Judge signature.

Sincerely,


Please reply to this email if you have any further questions regarding this request. Any/all attachments must be in one of the following formats: jpg, tiff, pdf or png.  Thank you.


---
Civil Division

Office of Tiffany Moore Russell
Orange County Clerk of Courts
425 N. Orange Avenue
Orlando, FL 32801
Phone 407-836-2000
www.myorangeclerk.com

Due to Florida's broad public records law, most written communication to or from this organization is public record and available to the public and media upon request


-----Original message-----
From: Lisa Oonk <loonk@gartnerbloom.com>
Sent: 11/22/2024 16:25:05

| name: Lisa Oonk
| email: loonk@gartnerbloom.com
| phone: 7276988421
| Case Number: 2024-CA-006036
| Please select your civil case type: Other Civil
| Please select what best describes your Civil issue or question: Process Question
| Message_noAttachments: My firm represents the defendant in this case.  We are trying to determine if the clerk's office issued a summons for this matter on July 9, 2024.

>
New Winter Park Courthouse Coming Soon!

**EXHIBIT C TO NOTICE OF REMOVAL**

Our Winter Park branch will be relocating in Jan. 2025 to help serve you better!
For more information, go to MyOrangeClerk.com.<https://www.myorangeclerk.com/Misc-Pages/News?pagesection=New%20Winter%20Park%20Courthouse>

[Clerk of Courts Facebook Page Link] <https://www.facebook.com/OrangeClerk/> [Clerk of Courts Twitter Page Link] <https://twitter.com/OrangeClerk> [Clerk of Courts YouTube Page Link] <https://www.youtube.com/user/OrangeCountyClerk> [Clerk of Courts YouTube Page Link] <https://www.linkedin.com/company/orange-county-clerk-of-court>  [Clerk of Courts Instagram Page Link] <https://www.instagram.com/myorangeclerk/>

**EXHIBIT C TO NOTICE OF REMOVAL**

EXHIBIT 3

**EXHIBIT C TO NOTICE OF REMOVAL**



# Notice of Service of Process

null / ALL<br>
**Transmittal Number: 30203405**<br>
Date Processed: 11/05/2024

**Primary Contact:**

Regan Shulman
Arch Insurance Group, Inc.
210 Hudson St
Ste 300
Jersey City, NJ 07311-1206

**Electronic copy provided to:**

Francine Petrosino
Christie Antoszczak
Seema Misra
Ayinde Sawyer
Candace Beboe
Barbie Lee
Joe Hornik
Kelvin Bolton
Melissa Gilligan
Matthew Cohen

| | |
|---|---|
| **Entity:** | Arch Specialty Insurance Company<br>Entity ID Number  3767798 |
| **Entity Served:** | Arch Specialty Insurance Company |
| **Title of Action:** | Knights Roofing And Restoration, Inc. vs. Arch Specialty Insurance Company |
| **Matter Name/ID:** | Knights Roofing And Restoration, Inc. vs. Arch Specialty Insurance Company (16471460) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Orange County Circuit Court, FL |
| **Case/Reference No:** | 2024-CA-006036-O/DFS#24-000352156 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/05/2024 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Chief Financial Officer in FL on 11/04/2024 |
| **How Served:** | Electronic SOP |
| **Sender Information:** | Victory Law Firm, P.A.<br>407-615-5555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT C TO NOTICE OF REMOVAL**



CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

*24-000352156*

| | |
|---|---|
| KNIGHTS ROOFING AND RESTORATION | **CASE #:** 2024-CA-006036-O |
| | **COURT:** 9TH JUDICIAL CIRCUIT |
| | **COUNTY:** ORANGE |
| PLAINTIFF(S) | **DFS-SOP #:** 24-000352156 |

VS.

ARCH SPECIALTY INSURANCE COMPANY

DEFENDANT(S)

_____/

SUBPOENA, COMPLAINT, DISCOVERY, CIVIL COVER SHEET

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, November 4, 2024 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, November 5, 2024 to the designated agent for the named entity as shown below.

ARCH SPECIALTY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.

Jimmy Patronis
Chief Financial Officer

FRANKLIN DOMENECH
ATTORNEY
VICTORY LAW FIRM, P.A.
605 E. ROBINSON ST., SUITE 640
ORLANDO, FL 32801

JD1

**EXHIBIT C TO NOTICE OF REMOVAL**

Office of the General Counsel - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, FL 32314-6200 - (850)413-4200

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,          CASE NO.: 2024-CA-006036-O

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

      Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on
Defendant:

**ARCH SPECIALTY INSURANCE COMPANY**
C/O Department of Insurance
Division of Legal Services- Service of Process Section
Post Office Box 6200
Tallahassee, Florida 32314-6200

Each Defendant is required to serve written defenses to the Complaint on **Franklin Domenech,
Esquire, Plaintiff's attorney, whose address is 605 E. Robinson St., Suite 640, Orlando, FL
32801,** within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

DATED: 07/09/2024

(COURT SEAL)

                              Clerk of the Circuit Court

By: _____

**As Deputy Clerk**



Tiffany Moore Russell  Clerk of Courts
**Civil Division**
425 N Orange Ave                                    1
Room 350
Orlando, Florida 32801

**EXHIBIT C TO NOTICE OF REMOVAL**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.

You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Franklin Domenech, Esquire**
Attorney for the Plaintiff
Victory Law Firm, P.A.
605 E. Robinson St., Suite 640
Orlando, FL 32801
T. (407) 615-5555  F. (407) 519-8793
Pleadings@victoryfirm.com
Attorney for the Plaintiff

2

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

CASE NO.:

     Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC.,

hereinafter referred to as "KNIGHTS ROOFING", by and through the undersigned attorney and

hereby files this Complaint against the Defendant, ARCH SPECIALTY INSURANCE

COMPANY, hereinafter referred to as "ARCH SPECIALTY", a corporation authorized and

doing business in the State of Florida, and alleges as follows:

### GENERAL ALLEGATIONS

1.    This is an action for breach of contract with damages greater than Fifty Thousand Dollars

($50,000), exclusive of interest, costs, and attorney's fees.

2.    Plaintiff, KNIGHTS ROOFING, was and is a corporation authorized to and doing

business in Florida.

3.    The policy of insurance involved herein was issued by ARCH SPECIALTY to Plaintiff

in the State of Florida.

4.    Defendant, ARCH SPECIALTY is a corporation duly licensed to transact insurance

business in the State of Florida. Defendant, ARCH SPECIALTY does business, has

**EXHIBIT C TO NOTICE OF REMOVAL**

offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

5. Plaintiff, KNIGHTS ROOFING, secured a commercial liability policy from Defendant, ARCH SPECIALTY, Policy Number: L-099-1039226, which covered Plaintiff, KNIGHTS ROOFING's business, including but not limited to coverage to protect against claims for property damages made against Plaintiff, KNIGHTS ROOFING's. The policy includes a duty to Defend Plaintiff, KNIGHTS ROOFING, from any legal action.

6. A copy of the policy is not available to Plaintiff, KNIGHTS ROOFING's, but is in the possession and control of the Defendant ARCH SPECIALTY.

7. A claim was brought against Plaintiff, KNIGHTS ROOFING, for property damage resulting from a reroof to a dwelling in 2183 Turnberry Drive, Oviedo, Florida 32765.

8. Defendant, ARCH SPECIALTY's claim number for the subject claim is 000013697210.

9. The damage to the subject dwelling, structures and property occurred during the policy period covered under the subject insurance policy.

10. Defendant, ARCH SPECIALTY is aware of the claim made against, Plaintiff, KNIGHTS ROOFING.

11. Plaintiff, KNIGHTS ROOFING's insurance policy was in full force and effect as to the Plaintiff when the reroof and alleged damage occurred to the subject building(s)/structure(s), personal property and other property covered under the subject insurance policy.

12. Defendant, ARCH SPECIALTY, by and through its agents, employees or assigns, performed services relating to adjusting the claim of the Plaintiff, KNIGHTS ROOFING.

13. Defendant, ARCH SPECIALTY has failed to Defend or otherwise provide coverage for

**EXHIBIT C TO NOTICE OF REMOVAL**

the loss as required by the policy provisions set forth in the subject insurance policy.

14.    Defendant, ARCH SPECIALTY has failed and refused to pay all covered losses sustained by Plaintiff, KNIGHTS ROOFING under the insurance policy based on the incident allegedly not occurring during the policy period.

15.    As a result, Plaintiff, KNIGHTS ROOFING, was forced to retain counsel to Defend the case filed against them and was forced to pay the claim.

16.    Plaintiff, KNIGHTS ROOFING has notified Defendant, ARCH SPECIALTY of the damages sustained.

17.    Plaintiff has retained the undersigned and agreed to pay them a reasonable fee and all costs.

18.    Subject matter jurisdiction is proper in Orange County, Florida.

19.    Personal jurisdiction is proper in Orange County, Florida.

20.    Plaintiff has performed all conditions precedent necessary to recover such moneys owed under the subject policy of insurance and/or Defendant, ARCH SPECIALTY has waived any and all conditions precedent under the policy of insurance.

## COUNT I - BREACH OF THE INSURANCE CONTRACT AGAINST DEFENDANT ARCH SPECIALTY INSURANCE COMPANY

21.    Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

22.    The Plaintiff, KNIGHTS ROOFING and Defendant, ARCH SPECIALTY had a binding insurance policy that provided for payment of the losses sustained in the subject case.

23.    The Plaintiff, KNIGHTS ROOFING has provided documentation showing proof of his losses.

**EXHIBIT C TO NOTICE OF REMOVAL**

24. Defendant, ARCH SPECIALTY had a duty under the subject insurance policy to fully compensate Plaintiff for all losses covered under the subject policy.

25. Defendant, ARCH SPECIALTY breached the insurance policy by failing to fully compensate and defend Plaintiff, KNIGHTS ROOFING for all losses sustained as a result of the claim, property damage covered under the insurance contract.

26. Plaintiff, KNIGHTS ROOFING has been damaged as a result of Defendant, ARCH SPECIALTY's breach in the form of damages, interest, costs and attorneys' fees.

27. Defendant, ARCH SPECIALTY has failed to pay all amounts owed, attorneys' fees and costs in pursuing this claim.

28. Defendant, ARCH SPECIALTY has failed to identify in writing any valid reason why payment was not made.

29. Plaintiff is entitled to the recovery of attorneys' fees and costs under Florida Statute Section §627.428.

WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. §627.428.

## COUNT II - BREACH OF IMPLIED WARRANTY OF GOOD FAITH

## AND FAIR DEALING

30. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

31. The insurance policy issued by Defendant, ARCH SPECIALTY sets forth the rights and obligations of Defendant, ARCH SPECIALTY to Plaintiff, KNIGHTS ROOFING with respect to claims made against them.

**EXHIBIT C TO NOTICE OF REMOVAL**

32. There is also an implied warranty of good faith and fair dealing contained as a material term in the insurance contract.

33. Pursuant to the terms and condition of the insurance contract, Plaintiff, KNIGHTS ROOFING has a right to coverage and defense of any claims for property damages made against them. Plaintiff, KNIGHTS ROOFING also has the right to a fair and prompt investigation, payment and/or settlement of any claim made against them.

34. Defendant, ARCH SPECIALTY materially breached its implied warranty of good faith and fair dealing by, among other things:

   a. failing to defend Plaintiff against any claims;

   b. failing to indemnify claimant from any claims;

   c. failing to pay for the damages to the claimants property;

   d. failing to fairly and promptly investigate the claim;

   e. failing to fairly and promptly pay the claim;

   f. failing to fairly and promptly settle the claim; and

   g. Otherwise failing to provide coverage for the claim.

35. As a direct and proximate result of Defendant, ARCH SPECIALTY'S material breach of the insurance contract, Plaintiff, KNIGHTS ROOFING has been damaged in the form of monetary damages and cost of defense paid by Plaintiff, KNIGHTS ROOFING, interest, costs and attorneys' fees.

36. Respondent is entitled to the recovery of attorneys' fees and costs under Florida Statute Section §627.428.

   WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against Defendant, ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and

**EXHIBIT C TO NOTICE OF REMOVAL**

attorney's fees pursuant to F.S. §627.428.

### COUNT III - DECLARATORY RELIEF AGAINST DEFENDANT

37. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

38. This is an action for declaratory relief brought pursuant to F.S. §86.011.

39. Plaintiff, KNIGHTS ROOFING and Defendant, ARCH SPECIALTY have a valid contract of insurance.

40. The Defendant, ARCH SPECIALTY, has failed to pay and indemnify Plaintiff, KNIGHTS ROOFING as required by this contract of insurance.

41. Among other bona fide disputes between the parties, to the extent that Defendant, ARCH SPECIALTY, continues to refuse to pay the claimed losses, Plaintiff, KNIGHTS ROOFING seeks a declaration from this Court of the validity of the terms of the insurance contract, and Plaintiff, KNIGHTS ROOFING's rights and obligations under the policy, and more particularly, that the alleged loss or losses, identified by the insured and forwarded to the insurer and any future similar losses are in fact covered items under the terms of the policy and mandated to be paid.

42. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff requests this Court to:

a. Take jurisdiction of the subject matter and parties thereto;

b. Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete policy of insurance and a complete

**EXHIBIT C TO NOTICE OF REMOVAL**

copy of the written material in the possession of the Defendant that would shed light on the issues involved herein;

c. Declare that the policy covering the Plaintiff provides coverage for the claims of losses made against Plaintiff;

d. Declare that the Plaintiff is entitled to a claim for attorney's fees and costs against Defendant under F.S. §627.428; and to determine the amount of such fees and costs to be paid to the Plaintiff;

e. Determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case.

WHEREFORE, Plaintiff further demands trial by jury of all issues so triable in accordance with Florida Statutes, Chapter 86, as well as judgment that Plaintiff is entitled to benefits as contemplated by the insurance policy, and for entry of judgment against Defendant for attorney's fees, and costs pursuant to F.S. §627.428.

## COUNT IV – NEGLIGENT SUPERVISION/HIRING AGAINST DEFENDANT ARCH SPECIALTY

43. Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

44. The Defendant, ARCH SPECIALTY accepted responsibility to properly investigate the claim of loss of the plaintiff and assigned the licensed insurance adjuster(s) to investigate the claim.

45. The Adjuster(s) are licensed by the State of Florida and have a duty of care to act in accordance with the high standards of their profession in performing their adjustment of the claim.

46. Defendant, ARCH SPECIALTY, by and through its agents, employees or assigns, performed services relating to adjusting the claim of the plaintiff, and are responsible for any Adjuster's breaches of duty of such care.

**EXHIBIT C TO NOTICE OF REMOVAL**

47. Neither the Adjuster(s) nor Defendant ARCH SPECIALTY has identified any specific provision of the insurance contract that provides any specific exclusion from coverage for any specific claimed loss alleged by the plaintiff.

48. The Adjuster(s) and Defendant ARCH SPECIALTY made the coverage decision based on a self-serving conclusion of fact, which is disputed by Plaintiff and the claimant, to determine the exclusion from coverage.

49. Defendant, ARCH SPECIALTY, does not contend that its Adjuster is in any way incompetent or incapable, or that the Adjuster has made any mistakes of any kind in adjusting this claim.

50. The Adjuster(s) breached the duty of care in failing to perform the adjustment of the claim.

51. Defendant ARCH SPECIALTY, failed to conduct the claim investigation within a "reasonable time" period.

52. The Defendant, ARCH SPECIALTY, had a duty to properly supervise and manage it employees and agents and to properly hire competent adjusters that understand their ethics code, the law and their responsibilities as adjusters.

53. That duty included insuring the proper processing of claims of losses made by insured, whether completed by their adjusters or third party adjustment companies. The relationship between the Defendant and Plaintiff is a special relationship between insurer and insured which gives rise to a duty on the part of the Defendant to control the adjusters who adjust the claim.

54. Defendant, ARCH SPECIALTY, is responsible for the actions of its adjusters in the performance of the adjustment of claims.

**EXHIBIT C TO NOTICE OF REMOVAL**

55.   The Defendant owed a duty to the Plaintiff to properly investigate the claim.

56.   The Defendant breached their duty of proper supervision, hiring or retention by allowing such conduct, which directly caused damage to plaintiff.

57.   The Defendant breached their duty of proper supervision, hiring or retention by allowing (or encouraging) the adjuster to fail to properly provide coverage for claims, which directly caused damage to the plaintiff.

58.   The Defendant breached its duty of care by not properly supervising its Adjusters to assure that delays in adjustment would not occur, and that any such delays would not be caused in any way by the amount/volume of cases the Adjuster is handling/processing.

59.   Plaintiff has made demand upon the Defendant to pay all covered losses, but the Defendant has not complied. The Plaintiff has provided the Defendant with a Statutory Civil Remedies Notice that also separately identifies the "bad faith" of the Defendant.

WHEREFORE, Plaintiff demands trial by jury, and seeks judgment against Defendant, ARCH SPECIALTY for all covered losses with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. §627.428.

### COUNT V – STATUTORY BAD FAITH UNDER FLA. STAT. 624.155

60.   Plaintiff re-states and re-alleges paragraphs 1 - 19 of the Complaint as if fully set forth herein.

61.   Defendant had a duty to properly supervise and manage it employees and agents and to properly hire competent adjusters that understand their ethics code, the law and their responsibilities as adjusters.

62.   That duty included insuring the proper processing of claims of losses made by insured and the retention of licensed adjusters.

**EXHIBIT C TO NOTICE OF REMOVAL**

63. Defendant is responsible for the actions of its adjusters in the performance of the adjustment of claims.

64. Defendant owed a duty to Plaintiff to properly investigate the claim.

65. Defendant has a duty to attempt or act in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his or her interests.

66. As shown above, Defendant, ARCH SPECIALTY breached their duty, including failure to indemnify, defend or otherwise pay all owed damages.

67. Plaintiff suffered damages as a result.

68. Plaintiff satisfied all conditions precedent to the filing of this action by filing a detailed, comprehensive and specific Violation of Civil Remedies Notice, which is attached as Exhibit A to the Complaint.

69. Defendant has failed to pay all amounts due under the insurance policy.

70. Defendant has violated Fla. Stat. 624.155(1)(b)(1).

71. Defendant has violated Fla. Stat. 624.155(1)(b)(3)

72. Defendant has violated Fla. Stat. 624.155(1)(b)2.

73. Defendant has violated Fla. Stat. 626.9541.

74. As a result, Plaintiff suffered damages.

75. The conduct of the Defendant in violating Chapter 624 rises to the level of punitive damages as set forth in Fla. Stat. 624.155(5).

76. As stated above, Plaintiff was forced to hire the undersigned counsel and agreed to pay a reasonable attorney's fee and costs.

**EXHIBIT C TO NOTICE OF REMOVAL**

WHEREFORE, Plaintiff demands trial by jury and damages exceeding $50,000, exclusive of all attorney's fees and costs owed, an awarding attorney's fees under Chapter 627 or Chapter 624 or Chapter 57 and seeks jury trial on all issues so triable.

DATED: on this 3 July 2024.

Respectfully submitted,

By: _/s/Franklin Domenech, Esq._____

**FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
Victory Law Firm, P.A.
605 E. Robinson St., Suite 640
Orlando, FL 32801
T. (407) 615-5555
F. (407) 519-8793
Attorney for the Plaintiff
Primary:        frank@victoryfirm.com
Secondary:    pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

EXHIBIT A

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

IN THE CIRCUIT COURT FOR THE
NINE JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,          CASE NO.:

      Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

    Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC., pursuant to Rule 1.340(e)

of the Florida Rules of Civil Procedure, hereby file Notice of Service of Interrogatories number 1

through 9 to be answered in oath and in writing, within forty-five (45) days from the date of

service hereof.

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the Defendant along with the Summons and Complaint.

        By:  /s/Franklin Domenech, Esq.
            **FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
            Victory Law Firm, P.A.
            605 E. Robinson St., Suite 640
            Orlando, FL 32801
            T. (407) 615-5555
            F. (407) 519-8793
            Attorney for the Plaintiff
            Primary:     frank@victoryfirm.com
            Secondary:  pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

        CASE NO.:

        Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

        Defendant.

_____/

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC., pursuant to Rule 1.340(e)

of the Florida Rules of Civil Procedure, hereby file Interrogatories number 1 through 9 to be

answered in oath and in writing, within forty-five (45) days from the date of service hereof.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the Defendant along with the Summons and Complaint.

By: /s/Franklin Domenech, Esq.
    **FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
    Victory Law Firm, P.A.
    605 E. Robinson St., Suite 640
    Orlando, FL 32801
    T. (407) 615-5555
    F. (407) 519-8793
    Attorney for the Plaintiff
    Primary:    frank@victoryfirm.com
    Secondary:    pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

(Definitions: "You(r)" as used in these interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.)

1.   What is the name and address of the person(s) answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

3.   Please provide the Florida license number and current address of any adjusters or other individuals (whether employed by you or not) who were involved in any manner in adjusting the claim, or who visited or inspected the subject premises, the dates in which any adjuster or agent of Defendant inspected the subject property and the amount and dates of any payment made to Plaintiff as a result of the subject claim.

4.   If you allege that Plaintiff failed to perform any conditions precedent, or failed to fulfill any duties after loss, please identify them with specificity, including the date the Plaintiff failed to perform, citing the appropriate contractual language which support Plaintiffs' duty to perform and how the Plaintiff failed any duties after loss.

**EXHIBIT C TO NOTICE OF REMOVAL**

5.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

6.  State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

7.  Please state the reason why Defendant failed to provide coverage for this claim.

8.  Please state whether any estimated damage provided by Plaintiff to Defendant is not covered under the policy provisions, the specific policy language that Defendant believes excludes the payment for the estimated damages provided to Defendant by Plaintiff and who was the person or persons responsible for this assessment.

**EXHIBIT C TO NOTICE OF REMOVAL**

9.  Please provide the name, address and telephone number of the individual or individuals who determined the amount to be paid to Plaintiff for the damage to the subject property and the basis for the calculation of such payment(s).

STATE OF _____

COUNTY OF _____

Before me, the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being by me duly sworn, deposes and says:  That the answers to the above and foregoing Interrogatories are true and correct to the best of his/her knowledge and belief.

_____
Signature

Sworn to and subscribed before me this _____ day of _____, 20____.

_____
Signature of Notary Public- State of Florida

_____
Print, Type or Stamp Commissioned Name of Notary

Personally known  s     OR  Produced Identification  s

Type identification produced _____

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

CASE NO.:

    Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY, a
corporation authorized and doing business in
Florida,

    Defendant.

_____/

## PLAINTIFF'S  FIRST REQUEST TO PRODUCE

Plaintiff, KNIGHTS ROOFING AND RESTORATION, INC., through undersigned

counsel, pursuant to Florida Rule of Civil Procedure 1.350, hereby requests Defendant, ARCH

SPECIALTY INSURANCE COMPANY, to furnish copies of the following documents to the

offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

1. All insurance policies which would provide coverage to the Plaintiff herein, together with

    any declaration of coverage page, and a sworn statement of a corporate officer of

    Defendant attesting to the coverage and authenticity of the policy.

2. All documents reflecting any payment made to any person or entity for any reason as a

    result of Plaintiff's claim.

3. All tapes and/or transcripts of statements taken of any person, including but not limited to

    Examinations Under Oath, regarding Plaintiffs' claim.

4. All correspondence between Plaintiff, or any representative of Plaintiff, and any

    representative of Defendant regarding Plaintiff's claim

5. A complete copy of the claim file for the subject claim

**EXHIBIT C TO NOTICE OF REMOVAL**

6.  All documents which support any affirmative defense of Defendant.

7.  All reports and current curriculum vitae from any expert(s) retained for any reason regarding Plaintiff's claim.

8.  All correspondence regarding the claim, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

9.  All writings, memoranda, notes, or other materials reflecting examination of Plaintiff's real property by Defendant or its agents.

10. All photographs or video depiction of the subject property in the possession of the Defendant or any agent of Defendant.

11. All proofs of loss received by Defendant from or any person or entity.

12. The license of each adjuster, expert, appraiser, inspector or other individual who participated in processing Plaintiff's claim.

13. All estimates received by Defendant from any source for repairs to Plaintiff's structure.

14. Defendant's latest claims manual or statement of policies and procedures on the processing or handling claims.

15. All documents sent to the State of Florida or any of its agencies related to this claim, and/or the reason it has not been settled or paid.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant along with the Summons and Complaint.

DATED: on this 3 July 2024.

Respectfully submitted,

By: /s/Franklin Domenech, Esq.
       **FRANKLIN DOMENECH, ESQ. (FBN: 43717)**
       Victory Law Firm, P.A.
       605 E. Robinson St., Suite 640

**EXHIBIT C TO NOTICE OF REMOVAL**

Orlando, FL 32801
T. (407) 615-5555
F. (407) 519-8793
Attorney for the Plaintiff
Primary:     frank@victoryfirm.com
Secondary:   pleadings@victoryfirm.com

**EXHIBIT C TO NOTICE OF REMOVAL**

Filing # 201921120 E-Filed 07/03/2024 07:20:16 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE NINTH   JUDICIAL CIRCUIT,
IN AND FOR ORANGE   COUNTY, FLORIDA

KNIGHTS ROOFING AND RESTORATION INC
Plaintiff

Case # _____
Judge _____

vs.
ARCH SPECIALTY INSURANCE COMPANY
Defendant

**II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**EXHIBIT C TO NOTICE OF REMOVAL**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☒ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

**EXHIBIT C TO NOTICE OF REMOVAL**

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

   5

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Franklin Domenech II        Fla. Bar # 43717
    Attorney or party               (Bar # if attorney)

Franklin Domenech II        07/03/2024
  (type or print name)         Date

- 3 -

**EXHIBIT C TO NOTICE OF REMOVAL**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KNIGHTS ROOFING AND
RESTORATION, INC., a corporation
authorized and doing business in Florida,

      Plaintiff,                              Case No. : 2024-CA-006036-O

vs.

ARCH SPECIALTY INSURANCE
COMPANY, a corporation authorized
and doing business in Florida,

      Defendant.

_____/

**ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF SERVING MOTION TO QUASH SERVICE OF PROCESS AND IN THE ALTERNATIVE, MOTION TO DISMISS CASE FOR FAILURE TO TIMELY SERVE PROCESS AND SUPPORTING MEMORANDUM OF LAW AND NOTICE OF APPEARANCE AND NOTICE OF DESIGNATION OF E-MAIL ADDRESSES**

Defendant, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), by and through its undersigned counsel, hereby gives notice of serving the following documents on November 26, 2024:

1.      Motion to Quash Service of Process and in the Alternative, Motion to Dismiss Case for Failure to Timely Service Process and Supporting Memorandum of Law; and

2.      Notice of Appearance and Designation of E-Mail Addresses by Counsel for Arch Specialty Insurance Company.

Proof of electronic service of the documents referenced above is attached as **Exhibit "A"**.

*/s/ Rebecca C. Appelbaum*
**Rebecca C. Appelbaum, Esq.**
FL Bar No. 0179043
RCA@gartnerbloom.com
Secondary: GBFLC@gartnerbloom.com

**EXHIBIT C TO NOTICE OF REMOVAL**

**Lisa A. Oonk, Esq.**
FL Bar No. 0006238
loonk@gartnerbloom.com
GARTNER+BLOOM, P.C.
610 E. Zack St., Ste. 110-4099
Tampa, FL 33602
Telephone: (813) 518-6000
Facsimile: (888) 822-3122

*Counsel for Defendant, Arch Specialty Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida E-Portal electronic system and that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida E-Portal and/or Electronic Mail on this 26th day of November, 2024.

*/s/ Rebecca C. Appelbaum*
Attorney

2

**EXHIBIT C TO NOTICE OF REMOVAL**

**Susan James**

| | |
|---|---|
| **From:** | Susan James |
| **Sent:** | Tuesday, November 26, 2024 12:32 PM |
| **To:** | 'Frank@victoryfirm.com'; 'pleadings@victoryfirm.com'; 'info@victoryfirm.com' |
| **Cc:** | Rebecca Appelbaum; Lisa Oonk |
| **Subject:** | SERVICE OF COURT DOCUMENT S - Case No.: 2024-CA-006036-O - Knights Roofing and Restoration vs. Arch Specialty Insurance Company |
| **Attachments:** | NOA & Designation of E-mail Addresses by Arch.pdf; Arch's Motion to Quash SOP & in the Alternative, MTD for Failure to Timely Serve Process & Supporting MOL.pdf |

| Court Identity: | 9th JUDICAL CIRCUIT IN AND FOR ORANGE COUNTY |
|---|---|
| Case No. | 2024-CA-006036-O |
| Initial parties (Plaintiff): | KNIGHTS ROOFING AND RESTORATION, INC. |
| Initial parties (Defendant): | ARCH SPECIALTY INSURANCE COMPANY |
| Document being served: | **Notice of Appearance and Designation of E-mail Addresses by Arch** *(e-filed at 6:01 p.m. on 11/25)*<br><br>**Arch's Motion to Quash Service of Process and in the Alternative, Motion to Dismiss Case for Failure to Timely Serve Process and Supporting Memorandum of Law** *(e-filed at 6:01 p.m. on 11/25)* |
| Sender's name / Counsel for: | Rebecca C. Appelbaum, Esq. and Lisa A. Oonk, Esq. Counsel for Defendant, Arch Specialty Insurance Company |
| Sender's phone number: | (813) 518-6000 |

Thank you,

*Susan James*

Legal Assistant to Rebecca Appelbaum, Esq., Lisa Oonk, Esq. and Alicia Lopez, Esq.

gartner**+bloom** *attorneys at law*

610 E. Zack St., Ste. 110-4099
Tampa, FL 33602
(813) 518-6000, ext. 608

EXHIBIT "A"

1
**EXHIBIT C TO NOTICE OF REMOVAL**