# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KNIGHTS ROOFING AND
RESTORATION, INC.,

    Plaintiff,

v.            Case No:   6:24-cv-2219-ACC-LHP

ARCH SPECIALTY INSURANCE
COMPANY,

    Defendant

_____

## ORDER

This cause comes before the Court on review of Defendant, Arch Specialty Insurance Company's Second Renewed Motion to Quash Service of Process and in the Alternative, Motion to Dismiss Case for Failure to Timely Serve Process and Supporting Memorandum of Law.   Doc. No. 10.   The motion is premised on a claim that a proper summons never issued before the matter was removed from state court, that an improper/non-issued summons was served on Defendant, and even if the summons were somehow proper, Defendant was not timely served.   *Id.*[1]

_____

[1] Plaintiff instituted this action in state court on July 3, 2024, but the state court docket does not reflect issuance of a summons.   Doc. No. 1-2.   Defendant removed the matter to this Court on December 5, 2024, pursuant to 28 U.S.C. §§ 1441 and 1446.   Doc.

Plaintiff failed to timely respond to Defendant's motion. *See* Local Rule 3.01(c). Accordingly, the Court issued an Order to Show Cause directing Plaintiff to show cause why Defendant's motion should not be granted as unopposed, service should not be quashed, and the case dismissed. Doc. No. 17. Plaintiff timely responded to the Order to Show Cause, but does not dispute that service of process was invalid. Doc. No. 19. Instead, Plaintiff requests an additional period of time to effect proper service on Defendant. *Id.* at 2–3.

Upon consideration, given that it is undisputed that service of process has not been properly effected, Defendant's Motion (Doc. No. 10) is **GRANTED in part** to the extent that service is hereby **QUASHED**. *See Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Yaniga v. Fla. Dep't of Transp.*, No. 8:11-cv-1371- T-23TBM, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011) (citations omitted) (without proper service of process, "a district court lacks both personal jurisdiction over a defendant and power to render a judgment"). Nonetheless, Defendant's Motion (Doc. No. 10) will be **DENIED in all other respects**.

---

No. 1.

When service of process is shown to be insufficient, "Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, No. 8:12-cv-52-T-30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (citations omitted). "[W]hen there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." *Id.* (alteration in original, citations omitted); *see also Allah El v. Avesta Homes*, No. 8:11-cv-2192-T-33TGW, 2012 WL 515912, at *4 (M.D. Fla. Feb. 16, 2012) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." (quoting *Carthen v. Baptist S. Med. Ctr.*, No. 2:10–cv–281–WKW, 2011 WL 855279, at *4 (M.D. Ala. Feb. 23, 2011))).

Given Plaintiff's request for an extension of time for service, Doc. No. 19, receipt of actual notice by Defendant and the relative infancy of the case, Doc. No. 1, that no prejudice has been argued by Defendant, Doc. No. 10, and because it is possible that defects with service can be rectified, the Court finds a limited extension of time to effect service in compliance with governing law appropriate. *See generally Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Even in the absence of good cause, a district court has the discretion to extend the time for service of process."); *Sabo v. Flagler Hosp., Inc.*, No. 3:17-cv-755-J-39PDB,

2018 WL 11485771, at *2 (M.D. Fla. July 26, 2018), *report and recommendation adopted*, 2018 WL 11485768 (M.D. Fla. Sept. 19, 2018) (citations omitted) (explaining that even if there is no good cause for failing to timely effect service, courts consider whether an extension of time for service is warranted by considering circumstances such as the length and reason for the delay, relative hardship of the parties, and receipt of actual notice, among other considerations).

Accordingly, it is **ORDERED** that Plaintiff shall cause proper service to be effected on Defendant within **thirty (30) days** of the date of this Order.  By this same **thirty (30) day** deadline, Plaintiff shall also file proof of proper service with the Court.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -